United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21267
Summary Calendar

_____

DESTRY E. THOMAS,

Plaintiff-Appellant,

versus

KELVIN P. MCFARLAND; LANGSTON M. GEORGE-SMART;
RONALD V. WINGO,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2305
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Destry E. Thomas, TDCJ-ID # 654261, has filed a motion to proceed *in forma pauperis* (IFP) on appeal. By moving for IFP status, Thomas is challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(c)(3); FED. R. APP. P. 24(a). Following a two-day jury trial and verdict for the defendants, the district court found that Thomas's 42 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983 complaint was frivolous because his "testimony was contradictory and inconsistent with the physical evidence."

Thomas asserts that he presented testimony and evidence to prove that defendant McFarland used excessive force. Thomas also asserts that the district court did not provide proper notice of a change in trial dates, held him to the same standards as a licensed attorney, and refused to allow him to present certain witnesses and evidence. Based upon our review of the record, we conclude that none of these issues presents a non-frivolous issue for appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, we uphold the district court's order certifying that the appeal was not taken in good faith. We also conclude that the instant appeal is without arguable merit and is frivolous. Thomas's motion to proceed IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2.

The dismissal of Thomas's appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Thomas that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).